**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOHN KENNEALLY, on behalf of himself and all other similarly situated,

Plaintiff,

vs.

BOSA CALIFORNIA LLC, and BOSA DEVELOPMENT CALIFORNIA INC.,

Defendants.

CASE NO. 09-CV-2039 WQH JMA

**ORDER**

HAYES, Judge:

The matter before the Court is the Ex Parte Application to Strike, Quash and/or Expunge Attorney Lien filed by Plaintiff. (ECF No. 63).

**BACKGROUND**

On September 18, 2009, Plaintiff John Kenneally ("Plaintiff"), represented by attorney Gregory Weston ("Weston"), filed a Complaint against Defendants First American Title Co. ("First American"), Bosa California LLC and Bosa Development California Inc. (collectively, "Bosa"), as well as Bank of Nova Scotia and HSBC Bank USA N.A. (collectively, "Lenders") (ECF No. 1). On November 18, 2009, Plaintiff filed an Amended Complaint against Defendants. (ECF No. 3). Plaintiff alleged that Bosa fraudulently misrepresented the square footage of a condominium that Plaintiff purchased and that the discrepancy in measurement greatly reduced the value of the property. (ECF No. 3 at 13-16).

On December 28, 2009, Bosa filed a Motion to Dismiss First Amended Complaint. (ECF No. 23). On December 28, 2009, the Lenders filed a Motion to Dismiss First Amended Complaint. (ECF No. 24).

On January 4, 2010 and on January 5, 2010, Jared H. Beck of the firm Beck & Lee Business Trial Lawyers ("Beck") filed a Notice of Appearance as attorney for all Plaintiffs.[1] (ECF Nos. 25, 29).[2]

On February 12, 2010, First American filed a Motion to Dismiss First Amended Complaint. (ECF No. 46). On April 28, 2010, this Court granted in part and denied in part the Motion to Dismiss filed by Defendant Bosa and granted the Motions to Dismiss filed by First American and the Lenders. (ECF No. 54). On May 12, 2010, Defendant Bosa filed an Answer. (ECF No. 55).

On July 1, 2010, the Honorable Magistrate Judge Jan M. Adler held an Early Neutral Evaluation Conference. In a letter dated August 12, 2010, Plaintiff's attorney Gregory Weston informed Beck that Kenneally did not consent to Beck's representation in this matter and requested Beck file a notice of withdrawal. In a letter dated September 21, 2010, Beck sent a copy of the Notice of Charging Lien to Weston. The Notice of Charging Lien asserts that there is an express or implied contract between Beck and Plaintiff as well as an understanding that Beck will receive payment out of any recovery. In a letter dated October 12, 2010, Weston acknowledged receipt of the Notice of Charging Lien and requested records of time spent by Beck as well as the amount to which Beck believes he is entitled.

On October 14, 2010, Magistrate Judge Adler issued an Order stating: "Plaintiff John Kenneally ('Plaintiff') and the remaining defendants [Bosa California LLC and Bosa Development California Inc.] in this case have reached a settlement of Plaintiff's individual claims in this matter. Accordingly, a joint motion for dismissal shall be filed with the Court ...." (ECF No. 62 at 1).

---

[1] This case was filed as a class action.

[2] The Notices of Appearance (ECF Nos. 25, 29) are identical with the exception that the Notice of Appearance filed on January 5, 2010 contains address and telephone information for Beck.

On October 19, 2010, Plaintiff filed an Ex Parte Application to Strike, Quash and/or Expunge Attorney Lien. (ECF No. 63).

On October 20, 2010, Beck filed a complaint in a Florida state court, asserting three claims: (1) breach of contract; (2) quantum meruit; and (3) adjudication and imposition of attorney's charging lien. (ECF No. 64-2 at 2).

On October 25, 2010, Beck filed an Opposition to Plaintiff's Ex Parte Application (ECF No. 64). On October 26, 2010, Plaintiff filed a Reply in Support of Plaintiff's Ex Parte Application (ECF No. 65).

On March 10, 2011, Plaintiff filed a Notice of Related Cases Pursuant to Civil Local Rule 40.1(E). (ECF No. 66). Plaintiff identified related cases including the Florida state court case filed by Beck on October 20, 2010, and *First American Title Insurance Co. v. Kenneally et al*, 11cv264 WQH (JMA), (filed Feb. 8, 2011). *First American Title Insurance Co.* is a complaint for statutory interpleader against Kenneally, Bosa California LLC, Bosa Development California, Inc., the Weston Firm P.C., and Beck & Lee, P.A. (ECF No. 1).

To date, Beck has not withdrawn his representation of Plaintiff or otherwise been terminated as an attorney in this case.

**DISCUSSION**

Plaintiff moves the court to strike, quash, or expunge the "Notice of Charging Lien" sent by Beck to Weston via letter, dated September 21, 2010. Plaintiff contends that the Court should exercise ancillary jurisdiction to expunge the charging lien. Plaintiff contends that adjudicating the dispute may require an "evidentiary hearing to determine what funds, if any, [Beck] may be owed either as fees or in quantum meruit and thereby spare the parties ... from the considerable expense of defending [Beck's] lawsuit against them in Miami." (ECF No. 65 at 4).

Beck contends the Court lacks jurisdiction over this lien dispute. Beck contends that there is a pending action in Florida "where [Beck] is located and performed all of [his] work on behalf of Plaintiff - to adjudicate the lien." (ECF No. 64 at 3).

The issue before the Court is whether the exercise of ancillary jurisdiction to determine

the validity of the notice of charging lien against the settlement. "Ancillary jurisdiction is the power of a court to adjudicate and determine matters incidental to the exercise of its primary jurisdiction over a cause under review." *United States v. Sumner*, 226 F.3d 1005, 1013 (9th Cir. 2000) ("That power extends to proceedings concerned with the pleadings, the processes, the records, or the judgment in the principal case.") (citation omitted). Ancillary jurisdiction is asserted: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardien Life Ins. Co. of America*, 511 U.S. 375, 380 (1994) (citations omitted); *see also In re Ray*, 624 F.3d 1124, 1135 (9th Cir. 2010).

The Ninth Circuit has held that "ancillary jurisdiction exists over attorney fee disputes collateral to the underlying litigation." *Federal Sav. and Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004) (citations omitted). The Ninth Circuit stated that "'[d]etermining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction.'" *Federal Sav. and Loan Ins. Corp.*, 364 F.3d at 1041 (quoting *Jenkins v. Weinshienk*, 670 F.2d 915, 919 (10th Cir. 1982). However, the Ninth Circuit has held that ancillary jurisdiction should not be invoked, where the claim is "unrelated to the underlying action[]." *Federal Sav. and Loan Ins. Corp.*, 364 F.3d at 1041-42 (holding that the district court lacked jurisdiction over a motion to adjudicate attorney's fees relating to a promissory note) (citing *Jenkins*, 670 F.2d at 919 (finding that "the federal court has no jurisdiction to adjudicate the amount of fees properly owing between [attorney and client] with respect to matters unrelated to litigation before the court.").

In this case, the notice of charging lien relates to the representation of Plaintiff by Beck in this suit. The dispute over attorney fees arose during the course of this action with respect to work performed in this action. The Court finds that ancillary jurisdiction exists. The Court exercises ancillary jurisdiction over the charging lien as it relates to the settlement in this action.

**CONCLUSION**

Plaintiff's Ex Parte Application to Strike, Quash and/or Expunge Attorney Lien (ECF No. 63) will remain pending.

IT IS HEREBY ORDERED that no later than fifteen days from the date of this Order, Beck shall respond to the Ex Parte Application to Strike, Quash and/or Expunge Attorney Lien on the merits. Plaintiff may reply no later than fifteen days thereafter.

DATED: March 22, 2011

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge