# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KENNEALLY, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BOSA CALIFORNIA LLC, and BOSA DEVELOPMENT CALIFORNIA INC.,<br><br>Defendants. | CASE NO. 09-CV-2039 WQH JMA<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Ex Parte Application to Strike, Quash and/or Expunge Attorney Lien filed by Plaintiff. (ECF No. 63).

## BACKGROUND

On September 18, 2009, Plaintiff John Kenneally ("Plaintiff"), a citizen of California, represented by attorney Gregory Weston ("Weston"), a California attorney, filed a Complaint against Defendants First American Title Co. ("First American"), a California corporation, Bosa California LLC and Bosa Development California Inc. (collectively "Bosa"), California limited liability companies, as well as Bank of Nova Scotia, a Canadian corporation, and HSBC Bank USA N.A., a Virginian corporation (collectively, "Lenders") (ECF Nos. 1, 3). On November 18, 2009, Plaintiff filed an Amended Complaint against Defendants. (ECF No. 3). Plaintiff alleged that Bosa fraudulently misrepresented the square footage of a condominium, located

1  in San Diego, California, that Plaintiff purchased the property and that the discrepancy in
2  measurement greatly reduced the value of the property. (ECF No. 3 at 13-16).

3  Between December 23, 2009 and January 4, 2010, Jared H. Beck of the firm Beck &
4  Lee Business Trial Lawyers ("Beck"), an attorney admitted to the State Bar of California and
5  the State Bar of Florida, and Weston exchanged emails which Beck states "memorialize[d]
6  the agreement for [Beck] to serve as Plaintiff's counsel" in this action. (ECF No. 68-1 at 2).
7  An email dated December 23, 2009, from Weston to Beck states "I'd love to add you .... Have
8  a look at the complaint first and let me know via email before I file." (ECF No. 68-2 at 2).
9  An email dated January 4, 2010, from Beck to Weston states "OK I read through this, well
10 written complaint, happy to co-counsel on this - same terms as [another case] (split hrs)?" *Id*.
11 An email dated January 4, 2010, from Weston to Beck replies, "Great, I will file a notice of
12 appearance today then...." *Id*.

13 On January 4, 2010 and on January 5, 2010, Beck filed a Notice of Appearance as
14 attorney for all Plaintiffs[1] and provided his State of California Bar number and an address
15 located in Florida. (ECF Nos. 25, 29).[2]

16 On April 28, 2010, this Court granted in part and denied in part a Motion to Dismiss
17 filed by Defendant Bosa and granted the Motions to Dismiss filed by First American and the
18 Lenders. (ECF No. 54). On May 12, 2010, Defendant Bosa filed an Answer. (ECF No. 55).

19 A letter from Weston to Beck dated August 12, 2010, states, "I write to inform you that
20 my client, John Kenneally, does not consent to you representing him in [this case], or any other
21 matter." (ECF No. 63-4 at 2).

22 A letter from Beck to Weston dated September 21, 2010, provides a copy of the Notice
23 of Charging Lien at issue in this case. The Notice of Charging Lien asserts that Beck
24 "represented" Plaintiff Kenneally in this action beginning approximately December 23, 2009,
25 "pursuant to: (1) an express or implied contract between attorney and client; and (2) an express

---

[1] This case was filed as a class action.

[2] The Notices of Appearance (ECF Nos. 25, 29) are identical with the exception that the Notice of Appearance filed on January 5, 2010 contains address and telephone information for Beck.

1 | or implied understanding for payment of attorney's fees out of the recovery." (ECF No. 63-2
2 | at 3).

3 |     On October 14, 2010, Magistrate Judge Adler issued an Order stating: "Plaintiff John
4 | Kenneally ('Plaintiff') and the remaining defendants [Bosa California LLC and Bosa
5 | Development California Inc.] in this case have reached a settlement of Plaintiff's individual
6 | claims in this matter. Accordingly, a joint motion for dismissal shall be filed with the Court
7 | ...." (ECF No. 62 at 1).

8 |     On October 19, 2010, Plaintiff filed an Ex Parte Application to Strike, Quash and/or
9 | Expunge Attorney Lien. (ECF No. 63).

10 |     On October 20, 2010, Beck filed a complaint in a Florida state court, asserting three
11 | claims: (1) breach of contract; (2) quantum meruit; and (3) adjudication and imposition of
12 | attorney's charging lien. (ECF No. 64-2 at 2).

13 |     On October 25, 2010, Beck filed an Opposition to Plaintiff's Ex Parte Application
14 | contending that this Court lacked jurisdiction over this lien dispute. (ECF No. 64).

15 |     On March 10, 2011, Plaintiff filed a Notice of Related Cases Pursuant to Civil Local
16 | Rule 40.1(E). (ECF No. 66). Plaintiff identified related cases including the Florida state court
17 | case filed by Beck on October 20, 2010, and *First American Title Insurance Co. v. Kenneally
18 | et al*, 11cv264 WQH (JMA), (filed Feb. 8, 2011). *First American Title Insurance Co.* is a
19 | complaint for statutory interpleader against Kenneally, Bosa California LLC, Bosa
20 | Development California, Inc., the Weston Firm P.C., and Beck & Lee, P.A. (ECF No. 1).

21 |     On March 22, 2011, this Court found that ancillary jurisdiction existed and stated: "The
22 | Court exercises ancillary jurisdiction over the charging lien as it relates to the settlement in this
23 | action." (ECF No. 67 at 3). This Court held that Plaintiff's Ex Parte Application to Strike,
24 | Quash and/or Expunge Attorney Lien (ECF No. 63) would remain pending and "Beck shall
25 | respond to the Ex Parte Application to Strike, Quash and/or Expunge Attorney Lien on the
26 | merits." *Id*. at 4.

27 |     On April 6, 2011, Beck filed a Response to Plaintiff John Kenneally's Ex Parte
28 | Application to Strike, Quash and/or Expunge Attorney Lien. (ECF No. 68).

On April 21, 2011, Plaintiff filed a Reply.

## DISCUSSION

In the Ex Parte Application, Plaintiff moves to strike, quash, or expunge a "Notice of Charging Lien" sent by Beck to Weston via letter, dated September 21, 2010.[3] Plaintiff submitted the declaration of Plaintiff John Kenneally who states that he "never signed a retention agreement with Jared Beck ... [He has] never agreed to any sort of lien with either Mr. Beck or his firm[, and he has] never spoken to or corresponded with Mr. Beck, nor ... authorized [Mr. Beck] or his firm to do any work on [his] behalf." (ECF No. 63-5 at 2).

Beck contends that he has asserted a valid lien and that the law of Florida should be applied on the grounds that he performed work on this case while he was physically located in Florida and the agreement "contemplated that [Beck] would perform any work on this case in Florida ...." (ECF No. 68 at 3). Beck contends that "Plaintiff Kenneally's declaration ... that he did not personally sign a retainer agreement or authorize [Beck] to represent him is of no moment." *Id.* Plaintiff contends: "Critically, the record is undisputed that Kenneally's attorney and authorized agent, Gregory Weston, retained [Beck] to represent Kenneally and authorized and directed [Beck] to work on his matter." *Id.* at 3 n.1. Beck has also submitted his declaration and states that prior to entering into an agreement with Attorney Weston to represent Plaintiff in this action, Weston "indicated ... that Mr. Kenneally had consented and authorized [Beck]'s retention." (ECF No. 68-1 at 2).

"A federal court exercising pendent jurisdiction over state law claims must apply the choice of law rules of the state in which it sits." *In re Nucorp Energy Sec. Litig.,* 661 F.Supp. 1403, 1412 (S.D. Cal. 1987) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941)). In California, courts apply a three-part the governmental interest test. *Id.* (citing *Hurtado v. Super. Ct.*, 11 Cal.3d 574, 579-80 (1974)); *see also Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000). "First, the court must determine whether there is in fact a

---

[3] Plaintiff also requests the Court "deny any further fee claim Beck may assert .. and enjoin the Florida action [that] Beck improperly instituted." (ECF No. 69 at 2). However, this Court has only "exercise[d] ancillary jurisdiction over the charging lien as it relates to the settlement in this action." (ECF No. 67 at 3). Plaintiff's request is DENIED.

conflict between the competing jurisdictions since 'there is obviously no problem where the laws of the two states are identical.'" *In re Nucorp Energy Sec. Litig.,* 661 F.Supp. at 1412 (quoting *Hurtado*, 11 Cal.3d at 580). If a conflict exists, the court must then "determine whether each jurisdiction has a legitimate interest in the application of its law and underlying policy." *Id.* (explaining that "if only one jurisdiction has a legitimate interest, there is no actual conflict of laws problem.") (citing *Hurtado*, 11 Cal.3d at 580). "If both jurisdictions have a legitimate interest in the application of their conflicting laws, the court should apply the law of the state whose interest would be the more impaired if its law were not applied." *Id.*; *see also Abogados*, 223 F.3d at 934 (explaining that this stage analyzes the "'comparative impairment' of the interested jurisdictions [and the court should] .... identify and apply the law of the state whose interest would be the more impaired if its law were not applied.").

Under California law, a lien to satisfy attorney's fees and expenses out of the proceeds of recovery, "is created only by contract."[4] *Fletcher v. Davis*, 33 Cal.4th 61, 66 (Cal. 2004) (noting that California law differs from most other jurisdictions which apply common law to liens). "[A]n attorney's lien is not created by the mere fact that an attorney has performed services in a case." *Id.* (citing *Carroll v. Interstate Brands Corp*.99 Cal. App. 4th 1168, 1172 (2002) ). For a valid lien to be created, the client must provide "informed written consent." *Id.* at 69; *see also Shopoff & Cavallo LLP v. Hyon,* 167 Cal. App. 4th 1489, 1524-25 (2008).

Under Florida law,

> To impose such a lien, the attorney must show: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice.

*Daniel Mones, P.A. v. Smith*, 486 So.2d 559, (1986); *see also Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A.*, 517 So.2d 88, 91 (Fla. App. 1987) ("There must be an agreement-written or oral, express or implied-between the attorney and the client that the attorney will proceed with the suit and that he will be paid for his services."); *Conroy v.*

---

[4] The Supreme Court of California noted that, in California, an "attorney's lien ... is denominated a 'charging lien.'" *Id.*

*Conroy*, 392 So.2d 934, 937 (Fla. App. 1980). Thus, in California, informed written consent of the client is required to create a valid attorney lien and, in Florida, an implied contract with the client may create a valid attorney lien.

To the extent there is a conflict between California and Florida law which is relevant to this case, the Court concludes that California's interest would be more impaired if its law were not applied on the grounds that: (1) in this case, a California citizen sued a California Corporation who acted as the developer of a condominium project located in California;[5] (2) the case was filed in the United States District Court for the Southern District of California and asserts violations of California and federal law; (3) Beck appeared in this case and pursuant to his membership in the State Bar of California; and (4) the lien asserted against the recovery in this case relates to work performed by Beck in this California action. *See Abogados*, 223 F.3d at 934. Accordingly, the Court applies the law of California.

As discussed above, under California law, an attorney's right to assert a lien against the proceeds of a client's recovery must be created through informed written consent. *Fletcher*, 33 Cal.4th at 66-69; *Shopoff & Cavallo LLP,* 167 Cal. App. 4th at 1524-25. Beck has failed to show Kenneally provided informed written consent for Beck to assert a lien against his recovery in this case. Accordingly, the lien is invalid and unenforceable. *Fletcher*, 33 Cal.4th at 66 (finding a lien unenforceable); *Shopoff & Cavallo LLP,* 167 Cal. App. 4th at 1524-25 (finding a lien invalid).

## CONCLUSION

Plaintiff's Ex Parte Application to Strike, Quash and/or Expunge Attorney Lien (ECF No. 63) is GRANTED. The lien is invalid and unenforceable as it relates to the proceeds of Plaintiff Kenneally's recovery in this case.

DATED: May 26, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[5] The other Defendants including a California escrow corporation, a Canadian corporation, and a Virginian corporation have been dismissed